**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51758**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: March 19, 2026** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| ADAM JAMES SMITH, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. George A. Southworth, Senior District Judge. Hon Susan E. Weibe, District Judge. Hon. Brent L. Whiting, District Judge.

Judgment of conviction for domestic battery with traumatic injury and attempted strangulation with a persistent violator enhancement, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Adam James Smith appeals from his judgment of conviction and sentence for domestic battery with traumatic injury and attempted strangulation with a persistent violator enhancement. Smith claims the district court deprived him of his constitutional rights by denying his motion for substitute counsel. In addition, Smith contends the district court abused its discretion by imposing an excessive sentence. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Smith was charged with domestic battery with traumatic injury and attempted strangulation with a persistent violator enhancement allegation. The morning of trial, Smith's counsel requested a continuance, seeking an evaluation to establish Smith's competency to stand trial as a result of difficulties in preparing Smith for his defense. At that same time, Smith complained to the district

1

court that his attorney had not reviewed the discovery with him and requested substitute counsel. The district court did not rule on the request for substitute counsel but granted a continuance and ordered a competency evaluation.

One month later, at a status conference, Smith expressed concerns that his counsel was not taking time to prepare with him for trial. The district court declined to address Smith's concerns with counsel due to his pending competency evaluation. At a subsequent hearing, Smith was found competent to stand trial. Smith again requested substitute counsel. Smith argued he had never spoken to his attorney in person, only on the phone. In response, the district court informed Smith of his right to hire his own counsel and advised Smith that he does not get to choose which attorney is appointed. Smith's counsel told the district court she had already met with Smith and was going to be doing so again, in person, since the trial was three weeks away. Additionally, Smith's counsel stated that she had spoken with Smith several times on the phone. As a result, the district court found that Smith failed to show good cause to appoint Smith substitute counsel.

A jury found Smith guilty of domestic battery with traumatic injury and attempted strangulation. Additionally, Smith was found to be a persistent violator. The district court sentenced Smith to concurrent, unified sentences of twenty years with five years determinate. Smith appeals.

## II.

## STANDARD OF REVIEW

Whether substitute counsel should be provided is a decision that lies within the sound discretion of the trial court and will be reviewed on appeal for an abuse of discretion. *State v. Severson*, 147 Idaho 694, 702, 215 P.3d 414, 422 (2009). An appellate review of a sentence is also based on an abuse of discretion standard. *State v. Biggs*, 168 Idaho 112, 114, 480 P.3d 150, 152 (Ct. App. 2020). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

On appeal, Smith claims the district court abused its discretion by denying his motion for substitute counsel. Smith argues he demonstrated good cause for the appointment of substitute counsel because of a breakdown in communication. Further, Smith asserts that the district court abused its discretion by imposing an excessive sentence.

### A.     Good Cause for Substitute Counsel

In *State v. Lippert*, 152 Idaho 884, 887, 276 P.3d 756, 759 (Ct. App. 2012) (internal citations omitted) we stated:

> The Sixth Amendment to the United States Constitution and Article I, Section 13 of the Idaho Constitution guarantee the right to counsel. The right to counsel does not necessarily mean a right to the attorney of one's choice. Mere lack of confidence in otherwise competent counsel is not necessarily grounds for substitute counsel in the absence of extraordinary circumstances. However, for good cause a trial court may, in its discretion, appoint a substitute attorney for an indigent defendant. The trial court must afford the defendant a full and fair opportunity to present the facts and reasons in support of a motion for substitution of counsel after having been made aware of the problems involved.

Good cause is shown if there is "an actual conflict of interest; a complete, irrevocable breakdown of communication; or an irreconcilable conflict which leads to an apparently unjust verdict." *Id.* Regarding the breakdown of communication, this Court identified four factors to consider:

> (1) whether the defendant's motion for new counsel was timely; (2) whether the trial court adequately inquired into defendant's reasons for making the motion; (3) whether the defendant-attorney conflict was so great that it led to a total lack of communication precluding an adequate defense; and (4) whether the defendant substantially and unreasonably contributed to the communication breakdown.

*Id.* (internal citations omitted). Only if good cause is shown must the defendant be appointed new counsel. *Id.*

On appeal, Smith frames the request for substitute counsel as based on a total breakdown in communication. In the district court, Smith did not assert that counsel had a conflict of interest, that there was a complete and irrevocable breakdown of communication, or that there was an irreconcilable conflict which would lead to an unjust verdict. He only expressed concern about counsel meeting with him to prepare for trial. The record indicates Smith disagreed with counsel's defense strategy and methods of communication. For example, Smith contended his rights to effective assistance of counsel were implicated because counsel did not want to call a witness

3

Smith proposed. As to refusal to call a witness, the district court advised Smith that claims of ineffective assistance of counsel would have to be raised in a later petition for post-conviction relief if he was convicted. In any event, whether to call a witness is a decision of counsel and does not support a claim of breakdown in communication.

Smith's principal argument in district court was in regard to his counsel's communication and preparedness, particularly that counsel had not met with Smith in person to prepare for trial. Smith acknowledged he had spoken with counsel over the phone multiple times but expressed concern about her preparation for trial "just days away." After hearing from Smith, the district court noted that trial was three weeks away, not days away. The district court asked counsel about her ability to meet with Smith in advance of trial. Counsel responded, "Your Honor, I will. I already have also, and he and I have spoken on the phone regularly." Even with counsel's representations about regular communication with Smith, the district court further inquired if counsel would "be able to meet with him here at some point in the near future." Counsel answered she would be prepared for trial. The district court found Smith failed to demonstrate good cause for substitution of counsel. The district court found that Smith would "be able to meet with [counsel] more now that [he was] getting closer to trial," which was still three weeks away. The record does not support Smith's claim on appeal of a total breakdown in communication. Smith's disagreement with counsel's defense strategy and methods or timeliness of communication is not good cause.

Smith argues the district court did not properly consider or apply the *Lippert* factors. Given that there was no claim or evidence of a total breakdown in communication, it was not incumbent on the district court to expressly conduct a *Lippert* analysis. Nonetheless, the *Lippert* factors do not support a finding of good cause or a constitutional violation of the right to counsel. As to the first *Lippert* factor, while Smith's request for substitute counsel was timely, it was first made the morning of trial.

The second *Lippert* factor looks at the adequacy of the trial court's inquiry. Smith sets forth law regarding the district court's duty to inquire and intimates the district court failed to adequately inquire but does not articulate how the inquiry was inadequate. In fact, Smith states "Over the course of three hearings, the district court heard Mr. Smith's complaints about his lack of communication with counsel." The only specific claim Smith makes as to this second *Lippert* factor is "trial counsel stated she was unable to communicate with Mr. Smith and represented that

4

he was unable to assist her in preparing for trial." First, the statement mischaracterizes the record. Counsel expressed similar concerns early on but later noted that they spoke on the phone on multiple occasions, had met, and would meet again before trial. Second, it does not speak to the adequacy of the district court's inquiry. Third, to the extent it relates to the district court's inquiry, the statement admits that the district court was aware of the logistical problems underlying the claim of lack of communication. Finally, counsel's statements that she was unable to communicate with Smith were based on a competency concern, not a concern related to a breakdown in communication on some other bases.

In regard to the third *Lippert* factor, that the conflict was so great that it led to a total lack of communication precluding an adequate defense, Smith states "both Mr. Smith and counsel agreed that the conflict led to a total lack of communication precluding an adequate defense." Again, this statement is a mischaracterization of the nature and extent of any communication problems. Neither Smith nor counsel agreed that there was a total lack of communication and, as noted above, the district court assured that trial preparation communication had occurred and would continue to occur prior to trial.

As to the final Lippert factor, whether Smith contributed to the problem, counsel told the district court at the first hearing:

> Well, Your Honor, Mr. Smith has been unable to help me, assist me in preparing his defense. Although he tells the Court today none of his attorneys have spoken to him about a defense, about discovery, and I can't speak to the other attorneys, I can speak for myself, but I have made attempts to speak with him about his defense, about the discovery in this case. He is either unwilling or unable to think linear, so I can't--I have had difficulties having a conversation with him about his defense because there's no linear thinking. He gets angry with me. If I try to have follow-up questions, I try to point out where I believe he's--he's jumping around, it's confusing me, and trying to bring him back on track, he gets angry, but he does not respond to my questions regarding that. So, I made the statement actually to him that I was in a position where I was preparing his defense all alone because I did not have his assistance.

A defendant must not "manufacture good cause by abusive or uncooperative behavior." *Lippert*, 152 Idaho at 887, 276 P.3d at 759. Moreover, as noted above, counsel's comments were related to competency concerns, not the type of communication breakdown that should be remedied by the appointment of new counsel.

After Smith was found to be competent, Smith was able to regularly communicate with his counsel and the district court was assured that counsel had and would continue to meet with Smith

5

in preparation for trial. The record does not support a claim of a total breakdown in communication. The district court conducted a meaningful inquiry to ensure defense counsel would be prepared and communicate with Smith. Therefore, the district court's finding that Smith did not demonstrate good cause for the appointment of substitute counsel is supported by the record.

**B.     Excessive Sentence**

Smith claims the district court abused its discretion in imposing a concurrent, unified sentence of twenty years with five years determinate. Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *Biggs*, 168 Idaho at116, 480 P.3d at154. Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

## IV.

## CONCLUSION

Smith has failed to establish the district court erred in denying Smith's request for appointment of substitute counsel. In addition, the district court did not abuse its sentencing discretion. Accordingly, Smith's judgment of conviction and sentence are affirmed.

Judge HUSKEY and Judge LORELLO **CONCUR**.